1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    ASDRUBAL SOLIS,                                    1:10-cv-02178-OWW-DLB (HC)

10                          Petitioner,
                                                        FINDINGS AND RECOMMENDATION
11          v.

12

     K. ALLISON,
13
                            Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

     pursuant to 28 U.S.C. § 2254.
17
            On November 12, 2010, Petitioner filed the instant petition for writ of habeas corpus.
18
     Petitioner challenges the California court decisions upholding an March 26, 2009, decision of the
19
     California Board of Parole Hearings.  Petitioner claims the California courts unreasonably
20
     determined that there was some evidence he posed a current risk of danger to the public if
21
     released.
22
            Because California's statutory parole scheme guarantees that prisoners will not be denied
23
     parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held
24
     that California law creates a liberty interest in parole that may be enforced under the Due Process
25
     Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606
26
     F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout
27
     v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit
28

1   instructed reviewing federal district courts to determine whether California's application of

2   California's "some evidence" rule was unreasonable or was based on an unreasonable

3   determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563;

4   Pearson v. Muntz, 606 F.3d at 608.

5          On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.

6   Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the

7   Supreme Court held that "the responsibility for assuring that the constitutionally adequate

8   procedures governing California's parole system are properly applied rests with California

9   courts, and is no part of the Ninth Circuit's business."  The federal habeas court's inquiry into

10  whether a prisoner denied parole received due process is limited to determining whether the

11  prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons

12  why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional

13  Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his

14  parole hearing, was given an opportunity to be heard, and was provided a statement of reasons

15  for the parole board's decision. (See Pet. Ex. A.)  Per the Supreme Court, this is "the beginning

16  and the end of the federal habeas courts' inquiry into whether [the prisoner] received due

17  process." Swarthout, 2011 WL 197627.  "The Constitution does not require more [process]."

18  Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for

19  relief and should be denied.

20                                    **RECOMMENDATION**

21        Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

22  corpus be DENIED with prejudice.

23        This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger,

24  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

25  and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District

26  of California.

27        Within thirty (30) days after date of service of this Findings and Recommendation, any

28  party may file written objections with the Court and serve a copy on all parties.  Such a document

1  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies

2  to the Objections shall be served and filed within fourteen (14) days after date of service of the

3  Objections.  The Finding and Recommendation will then be submitted to the District Court for

4  review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

5  advised that failure to file objections within the specified time may waive the right to appeal the

6  Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8        IT IS SO ORDERED.

9        Dated:    February 3, 2011                    /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3